Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
324 S. Beverly Dr., #725
Beverly Hills, CA 90212
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAVEED DEZFOLI, individually, and on all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>JPMORGAN CHASE BANK and DOES 1-100,<br><br>Defendant. | Case No.<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR VIOLATIONS OF:**<br><br>(1) **Violation of Fair Credit Reporting Act [15 U.S.C. §1681]**<br>(2) **Violation of California Consumer Credit Reporting Agencies Act [Cal. Civ. §1785.25 et seq.]**<br>(3) **Violation of Unfair Competition Law (Cal. Business & Professions Code §§ 17200 *et seq*.)**<br><br>**DEMAND FOR JURY TRIAL**<br><br>**(Amount to exceed $25,000)** |

Plaintiff, Naveed Dezfoli ("Plaintiff"), individually, and on behalf of all others similarly situated, alleges the following upon information and belief based upon personal knowledge:

## NATURE OF THE CASE

1. This is a class action brought on behalf of all individuals against Defendant Defendant's violations of the Fair Credit Reporting Act, 15 U.S.C. §1681, and California Consumer Credit Reporting Agencies Act, California Civil Code § 1785.25 (a) (hereinafter "CCRA"), both of which regulate the collection, dissemination, and use of consumer

information, including consumer credit information. In engaging in these practices, Defendant has engaged in unfair business practices in violation of California Business and Profession Code §§ 17200 *et seq*.

## JURISDICTION & VENUE

2. Jurisdiction is proper under *28 U.S.C. § 1332(d)(2)* because Plaintiff, a resident of California, seeks relief on behalf of a Class, which will result in at least one class member belonging to a different state than that of Defendant, a company with its principal place of business and State of Incorporation in New York state. Plaintiff also seeks statutory and actual damages, which, when aggregated among a proposed class in the thousands, exceeds the $5,000,000.00 threshold for federal court jurisdiction. Therefore, both diversity jurisdiction and the damages threshold under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

3. Venue is proper in the United States District Court for the Central District of California pursuant to *18 U.S.C. 1391(b)* and *18 U.S.C. § 1441(a)* because Defendant does business within the state of California and Plaintiff resides within this District.

## PARTIES

4. Plaintiff, Naveed Dezfoli ("Plaintiff"), is a natural person residing in Los Angeles County in the State of California who is a "consumer" as defined by 15 U.S.C. §1681a.

5. At all relevant times herein, Defendant, JPMorgan Chase Bank, ("Defendant"), regularly provides information to consumer reporting agencies and is therefore an "information furnisher" as defined by the FCRA and the CCRA.

6. The above named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants." The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 100, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants

when such identities become known.

7. Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## FACTUAL ALLEGATIONS

8. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant reported derogatory information on Plaintiff's credit report.

9. In or around February of 2016, Defendant placed Plaintiff as an authorized user on his cousin's account with Defendant.

10. Plaintiff never discussed this matter with Defendant nor provided any form of authorization whatsoever to be placed on this account.

11. Defendant has been providing this derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to various credit reporting agencies, as that term is defined by 15 U.S.C. 1681a(f).

12. Defendant is aware that the credit reporting agencies to which they are providing this information are going to disseminate this information to various other persons or parties who will be reviewing this information for the purpose of extending credit, insurance or employment.

13. As a result of Defendant's inaccurate reporting of Plaintiff's accounts, Plaintiff's credit score decreased.

14. The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.

15. The credit reports have been and continue to be disseminated to various persons and credit grantors, both known and unknown.

16. Plaintiff has been damaged, and continues to be damaged, in the following ways:

   a. Emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other people both known and unknown; and
   b. Decreased credit score which may result in inability to obtain credit on future attempts.

17. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendant herein.

18. At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiffs herein. Defendant knew that by placing authorized users onto its accounts without their permission, Defendant was putting these users' credit score at risk. Despite this, Defendant actively chose to not require a social security number even though such standard practice in the industry would have afforded protection to Plaintiffs and other similarly situated users. Defendant failed to take this precaution in order to unfairly and illegally engage in deceptive debt collecting practices. Defendant even provides a five thousand (5,000) point bonus as an incentive if someone adds another person as an authorized user.

19. Defendant's conduct was a direct and proximate cause, as well as a substantial factor, in causing the injuries, damages and harm to Plaintiff that are outlined more fully above, and as a result, Defendant is liable to compensate Plaintiff for the full amount of

**CLASS ACTION COMPLAINT**
**-4-**

statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief permitted by law.

20. Further, Defendant failed to notify Plaintiff of their intention to report negative information on their credit reports. Defendant then failed to correct the disputed information within thirty days of Plaintiff's dispute of that information. Defendant removed the illegal reporting but decreased Plaintiff's credit score even further.

21. As a result of the above violations of the FCRA and CCRA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## CLASS ALLEGATIONS

24. Plaintiff brings this action on behalf of himself and all others similarly situated, as a member of the proposed class (hereafter the "Class") defined as follows:

> All persons in the United States who Defendant reported an alleged debt which they were not the authorized user of on their credit report within four calendar years from the filing of the instant complaint on their credit report.

25. Specifically excluded from the proposed Class are Defendant; any entities in which Defendant has a controlling interest; and the employees, officers, directors, affiliates, legal representatives, subsidiaries, and affiliates of Defendant. The Class' claims are based on the FCRA, the CCRAA, and the California Business and Professions Code.

26. This action is brought and may be properly maintained as a class action. This action satisfies the numerosity, typicality, adequacy, predominance and superiority requirements for a class action.

27. The Class is so numerous that the individual joinder of all of its members is impractical. While the exact number and identities of the Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is

informed and believes and thereon alleges that the Class includes thousands of members. Plaintiff alleges that the Class members may be ascertained by the records maintained by Defendant.

28. Common questions of fact and law exist as to all members of the Class which predominate over any questions affecting only individual members of the Class. These common legal and factual questions, which do not vary between Class members, and which may be determined without reference to the individual circumstances of any Class members, include, but are not limited to, the following:

    a. Whether Defendant has a policy of reporting debts on credit reports of non-authorized users;

    b. The nature and extent of damages and other remedies to which the conduct of Defendant entitles the Class members.

29. Plaintiff is asserting claims that are typical of the Class because every other member of The Class, like Plaintiff, were exposed to virtually identical conduct and are entitled to statutory damages up to $5,000.00 in addition to actual damages and reasonable attorneys' fees and costs pursuant to the FCRA and CCRAA.

30. Plaintiff will fairly and adequately protect the interests of the members of the Class. Plaintiff has retained attorneys experienced in the prosecution of class actions.

31. A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class members is impracticable. Even if every Class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

32. The prosecution of separate actions by thousands of individual Class members would also create the risk of inconsistent or varying adjudications with respect to, among other things, the need for and the nature of proper disclosures which Defendant must provide to all Class members when attempting to collect alleged debts.

33. The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

34. Defendant has acted or refused to act in respects generally applicable to the Class, thereby making appropriate final and injunctive relief with regard to the members of the Class as a whole.

## COUNT I: VIOLATION OF THE FAIR CREDIT REPORTING ACT

(By Plaintiff and the Class Against All Defendants)

35. Plaintiff hereby incorporates the preceding paragraphs as if set forth in full.

39. As a direct and proximate result of Defendant's violations of *15 U.S.C. § 1788.30 1681*, Plaintiff and the members of the Class have suffered injury, and may recover from Defendant one thousand dollars ($1,000.00) in statutory damages in addition to actual damages and reasonable attorneys' fees and costs pursuant to *15 U.S.C. § 1788.30 1681(n)*.

40. The violations of *15 U.S.C. § 1788.30 1681* described herein present a continuing threat to members of the Class and members of the general public in that Plaintiff is informed and believes and thereon alleges that Defendant continues to engage in these practices, and will not cease doing so unless and until forced to do so by this Court.

## COUNT II: VIOLATION OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT

(By Plaintiff and the Class Against All Defendants)

41. Plaintiff incorporates by reference all of the proceeding paragraphs.

-7-

42. California Civil Code § 1785.25 (a) states that a "person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate."

43. California Civil Code § 1785.25 (b) states that a furnisher that determines a report to a credit reporting agency is not accurate or complete shall promptly notify the consumer reporting agency of that determination and provide corrections to the consumer reporting agency that is necessary to make the information complete and accurate.

44. California Civil Code § 1785.25 (c) provides that if the completeness or accuracy of any information on a specific transaction or experience provided to a consumer reporting agency is disputed by the consumer, the furnisher may not continue reporting the information unless it provides a notice to the consumer reporting agency that the information is disputed by the consumer.

45. Defendant negligently and willfully furnished information to the credit reporting agencies it knew or should have known was inaccurate.

46. Based on these violations of Civil Code § 1785.25 (a), Plaintiff and Defendant are entitled to the remedies afforded by Civil Code § 1785.31, including actual damages, attorney's fees, pain and suffering, injunctive relief, and punitive damages in an amount not less than $100 nor more than $5,000, for each violation as the Court deems proper.

**COUNT III: VIOLATION OF THE CALIFORNIA UNFAIR BUSINESS PRACTICES ACT**

**(By Plaintiff and the Class Against All Defendants)**

47. Plaintiff incorporates by reference each allegation set forth above.

48. Actions for relief under the unfair competition law may be based on any business act or practice that is within the broad definition of the UCL.  Such violations of the UCL occur as a result of unlawful, unfair or fraudulent business acts and practices.  A plaintiff is required to provide evidence of a causal connection between a defendant's business practices and the alleged harm--that is, evidence that the defendant's conduct caused or was likely to

**CLASS ACTION COMPLAINT**
**-8-**

cause substantial injury. It is insufficient for a plaintiff to show merely that the defendant's conduct created a risk of harm. Furthermore, the "act or practice" aspect of the statutory definition of unfair competition covers any single act of misconduct, as well as ongoing misconduct.

## UNFAIR

49. California Business & Professions Code § 17200 prohibits any "unfair ... business act or practice." Defendant's acts, omissions, misrepresentations, and practices as alleged herein also constitute "unfair" business acts and practices within the meaning of the UCL in that its conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct. There were reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct described herein. Plaintiff reserves the right to allege further conduct which constitutes other unfair business acts or practices. Such conduct is ongoing and continues to this date.

50. In order to satisfy the "unfair" prong of the UCL, a consumer must show that the injury: (1) is substantial; (2) is not outweighed by any countervailing benefits to consumers or competition; and, (3) is not one that consumers themselves could reasonably have avoided.

51. Here, Defendant's conduct has caused and continues to cause substantial injury to Plaintiff and members of the Class. Plaintiffs and members of the Class have suffered injury in fact due to Defendant's decision to report accounts on the credit report of non-authorized users of the accounts. Thus, Defendant's conduct has caused substantial injury to Plaintiffs and the members of the Class.

52. Moreover, Defendant's conduct as alleged herein solely benefits Defendant while providing no benefit of any kind to any consumer. Such deception utilized by Defendant improperly threatens and pressures consumers into paying accounts. Defendant's unfairly

profited from Plaintiffs and Class Members. Thus, the injury suffered by Plaintiffs and the members of the Class is not outweighed by any countervailing benefits to consumers.

53. Finally, the injury suffered by Plaintiff and members of the Class is not an injury that these consumers could reasonably have avoided. Defendant took advantage of Defendant's position of perceived power in order to deceive Plaintiffs and the Class members to pay off its accounts. Therefore, the injury suffered by Plaintiffs and members of the Class is not an injury which these consumers could reasonably have avoided.

54. Thus, Defendant's conduct has violated the "unfair" prong of California Business & Professions Code § 17200.

///

55.     FRAUDULENT

56. California Business & Professions Code § 17200 prohibits any "fraudulent ... business act or practice." In order to prevail under the "fraudulent" prong of the UCL, a consumer must allege that the fraudulent business practice was likely to deceive members of the public.

57. The test for "fraud" as contemplated by California Business and Professions Code § 17200 is whether the public is likely to be deceived. Unlike common law fraud, a § 17200 violation can be established even if no one was actually deceived, relied upon the fraudulent practice, or sustained any damage.

58. Here, not only were Plaintiff and the Class members likely to be deceived, but these consumers were actually deceived by Defendant. Plaintiff's reliance upon Defendant's deceptive statements is reasonable due to the unequal bargaining powers of Defendant and Plaintiff. For the same reason, it is likely that Defendant's fraudulent business practice would deceive other members of the public.

59. As explained above, Defendant deceived Plaintiff and other Class Members by representing its services as being free, falsely represented these services to consumers.

60. Thus, Defendant's conduct has violated the "fraudulent" prong of California Business & Professions Code § 17200.

///
///
///
///
///
///
///

UNLAWFUL

61. California Business and Professions Code Section 17200, et seq. prohibits "any unlawful…business act or practice."

62. As explained above, Defendant deceived Plaintiffs and other Class Members by representing the services as being free.

63. Defendant used false advertising, marketing, and misrepresentations to induce Plaintiff and Class Members to pay off its accounts, in violation of California Business and Professions Code Section 17500, et seq.  Defendant's conduct therefore caused and continues to cause economic harm to Plaintiff and Class Members.

64. These representations by Defendant are therefore an "unlawful" business practice or act under Business and Professions Code Section 17200 *et seq*.

65. Defendant has thus engaged in unlawful, unfair, and fraudulent business acts entitling Plaintiffs and Class Members to judgment and equitable relief against Defendant, as set forth in the Prayer for Relief.  Additionally, pursuant to Business and Professions Code section 17203, Plaintiff and Class Members seek an order requiring Defendant to immediately cease such acts of unlawful, unfair, and fraudulent business practices and requiring Defendant to correct its actions.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and The Class members the following relief against Defendants, and each of them:

1. That this action be certified as a class action on behalf of The Class and Plaintiff be appointed as the representative of The Class;
2. For statutory damages of  for Plaintiff and each member of The Class;
3. For actual damages according to proof;
4. For reasonable attorneys' fees and costs of suit;
5. For prejudgment interest at the legal rate; and

6. For such further relief as this Court deems necessary, just, and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of each and every claim so triable.

Respectfully submitted,

Dated: May 10, 2016           **LAW OFFICES OF TODD M. FRIEDMAN, P.C.**

**s/ Todd M. Friedman**
Todd M. Friedman
Attorneys for Plaintiff